**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SONY GROUP CORPORATION,<br>SONY CORPORATION OF AMERICA, and<br>SONY ELECTRONICS INC.,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Cerence Operating Company ("Cerence" or "Plaintiff") brings this action against Defendants Sony Group Corporation, Sony Corporation of America, and Sony Electronics Inc. (collectively, "Sony" or "Defendants") and alleges as follows:

**INTRODUCTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to obtain damages resulting from Defendants' unauthorized and ongoing actions of making, having made, using, having used, selling, having sold, offering to sell, having offered to sell, importing, and/or having imported into the United States products that infringe or enable the infringement of one or more claims of United States Patent Nos. 11,929,073 ("073 Patent"), 10,783,899 ("899 Patent"), 8,306,815 ("815 Patent"), 11,087,750 ("750 Patent"), and 8,194,872 ("872 Patent") (collectively, the "Asserted Patents"), including, without limitation, products with voice processing functionality such as, *e.g.*, Sony's PlayStation 5 with DualSense Wireless Controller, Sony's noise cancelling headphones, Sony's XAV Series Wireless Auto

Media Receivers, Sony's Microphone Array System, Sony's Professional Audio Products, and Sony's Broadcast and Production Products (the "Accused Products").

**THE PARTIES**

2. Plaintiff Cerence is a wholly owned subsidiary of Cerence Inc., which is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 1500 District Avenue, Burlington, Massachusetts.

3. On information and belief, Defendant Sony Group Corporation is a corporation organized and existing under the laws of Japan with a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. On information and belief, Sony Group Corporation is the ultimate parent of and/or controls the other Sony Defendants and is responsible for the infringing activities identified in this Complaint. Sony may be served with process under Fed. R. Civ. P. 4(f)(3) and 4(h)(2).

4. On information and belief, Defendant Sony Corporation of America is a corporation organized and existing under the laws of the state of New York with a principal place of business at 25 Madison Avenue, New York, New York 10010. On information and belief, Sony Corporation of America is a subsidiary of and/or controlled by Sony Group Corporation. On information and belief, Sony Corporation of America is involved with selling, having sold, offering to sell, importing, and/or having imported into the United States the Accused Products.

5. On information and belief, Defendant Sony Electronics Inc. is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 16535 Via Esprillo, San Diego, California 92127. On information and belief, Sony Electronics Inc. is a subsidiary of and/or controlled by Sony Group Corporation. On information and belief, Sony Electronics Inc. is involved with selling, having sold, offering to sell, importing, and/or having

imported into the United States the Accused Products. Sony Electronics Inc. may be served with process through its registered agent in Texas care of Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6. On information and belief, Defendants (collectively and/or individually), including by or through their affiliates and corporate relatives, are in the business of developing, making, offering for sale, selling, importing, distributing, and/or supporting Accused Products that are manufactured outside of the United States.

7. On information and belief, the Accused Products are manufactured, assembled, and/or tested abroad prior to importation into the United States. Defendants (collectively and/or individually) have sold, offered for sale, used, imported, and distributed, and continue to sell, offer for sale, use, import, and distribute the Accused Products into the United States.

8. On information and belief, each Defendant itself and/or through the activities of its affiliates and corporate relatives is in the business of designing, manufacturing, importing into the United States, selling for importation into the United States, and/or selling within the United States after importation the Accused Products, which are manufactured outside of the United States.

9. Defendants offer and sell their products and services, including the Accused Products, to customers and potential customers located in the Eastern District of Texas (hereinafter "District").

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patents laws of the United States (Title 35 of the United States Code).

11. Defendants are subject to this Court's jurisdiction pursuant to due process and the Texas Long Arm Statute due at least to their substantial business in this State and District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

12. This Court has personal jurisdiction over Defendants because they have, directly and/or through agents and/or intermediaries, committed acts and continue to commit acts of patent infringement, including within Texas, giving rise to this action and have established minimum contacts with Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants, directly and/or indirectly at least through agents and intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering to sell, and importing the Accused Products.

13. On information and belief, Defendants regularly conduct business in Texas, including in this District, and purposefully avail themselves of the privileges of conducting business in Texas and this District. For example, on information and belief, Defendants, and/or their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Texas and this District, including but not limited to the Accused Products, sufficient to give rise to jurisdiction.

14. On information and belief, Defendants have placed and continue to place Accused Products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the United States, including in Texas and specifically including in this District.

15. On information and belief, Defendants have derived and continue to derive substantial revenue from the sale of Accused Products distributed within Texas, including within this District, and/or expect or should reasonably expect their actions to have consequences in Texas. In addition, on information and belief, Defendants have knowingly induced and continue to knowingly induce, infringement of the Asserted Patents within Texas and within this District including by offering for sale, selling, and/or contracting with others to market Accused Products with the intent to facilitate infringing use of the products by others and by creating and/or disseminating product information and other materials providing instruction for infringing use.

16. Defendants' infringing activity has led to foreseeable harm and injury to Cerence.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400. Defendant Sony Group Corporation is not resident in the United States, and thus venue is proper in any judicial district. *See, e.g., In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendants Sony Corporation of America and Sony Electronics Inc. are registered to do business in Texas and, upon information and belief, have transacted business in this District, have committed acts of infringement in this District, and have regular and established places of business in this District, including at least at 2800 Central Expressway, Plano, Texas 75074 and 3333 Preston Road #00200, Frisco, Texas 75034.

## BACKGROUND

18. Cerence is a global leader in providing automotive virtual assistant technology, primarily focusing on user interaction (UX) technology that improves and refines a user's mobility experience by creating flexible and intuitive experiences for the world's leading mobility OEMs and automakers.

19. Cerence was spun out from Nuance Communications, Inc. ("Nuance"), which was a leading provider of speech and language solutions for businesses and consumers around the world. Cerence became a separate public company in October of 2019, trading on the Nasdaq Global Select Market under the ticker symbol CRNC. From the outset, Cerence focused its assistant software platform on its many optimization techniques and tools for improving automatic speech recognition including conversational AI tools.

20. Cerence builds AI powered virtual assistants that have been implemented most frequently in the mobility/transportation market. Cerence's solutions power natural conversational and intuitive interactions between vehicles, drivers, and passengers, and the broader digital world. Cerence has provided AI-powered assistants and innovations for connected and autonomous vehicles, including one of the world's most popular software platforms for building automotive virtual assistants. Cerence customers include nearly all major automobile original equipment manufacturers, or OEMs, or their tier 1 suppliers worldwide, including, *e.g.*, Ford, GM, Toyota, Mercedes, Volkswagen, and Harman.

21. The Cerence platform utilizes industry-leading speech recognition, natural language understanding, speech signal enhancement, text-to-speech, and acoustic modeling technology to provide a conversational AI-based solution. Virtual assistants built with the Cerence platform enable a wide variety of modes of human-vehicle interaction, including speech, touch, handwriting, gaze tracking, and gesture recognition, and can support the integration of third-party virtual assistants.

22. The market for cognitive assistants in which Cerence functions is rapidly expanding beyond the automotive markets. The proliferation of smart devices has encouraged

consumers to rely on a growing number of virtual assistants and special-purpose bots for various tasks such as controlling entertainment systems and checking the news.

23. Cerence, by itself and its predecessor companies, has been innovating in this space for over 20 years and currently holds more than 600 patents, many of which relate to aspects of automatic speech recognition, predictive text, and volume adjustment/support in speech activated systems.

24. Defendants and Nuance (Cerence's predecessor-in-interest) maintained a substantial commercial and technical relationship in the very technology at issue in this case. This relationship gave Defendants insight into Nuance's, and later, Cerence's, speech recognition and voice-control technologies, including those described in the Asserted Patents.

25. Specifically, on or about January 2012, Nuance entered into a ten-year strategic partnership with Gracenote, Inc., which was at the time, an independent subsidiary of Defendant Sony Corporation of America. As reported at the time, Nuance "announced a ten-year partnership with Gracenote Inc., an independent subsidiary of Sony Corporation of America, to develop and deploy voice-controlled consumer interfaces. That's Geek for 'going to build stuff that will let you control your TV, phone, tablets, in-car systems, etc. using just your voice.'"[1]

26. Announcements at the time further highlighted the purpose of the 10-year strategic partnership was "to accelerate voice innovations and next-generation solutions for interactive music and video experiences on phones, tablets, in cars, on smart TVs, and in the cloud, all across

[1] *See* Nuance Sets Sights on Consumer Electronics Market, PCMag (available at https://au.pcmag.com/speech-recognition-1/10061/nuance-sets-sights-on-consumer-electronics-market) (captured September 30, 2026);

a broad range of content providers."[2] As part of that collaboration, Nuance contributed its "voice and natural language understanding technologies."[3]

27. The Nuance-Gracenote partnership was to jointly develop and deploy technology for consumer electronic devices like those of the Accused Products.

28. In August 2025, Cerence filed a complaint against Sony Group Corporation, Sony Corporation of America, and Sony Electronics, Inc. in the International Trade Commission, alleging patent infringement by Sony smart televisions of four Cerence patents relating to speech signal enhancement, automatic speech recognition, and natural language processing technologies, ITC-TA-1461, as well as a concurrent district court case, *Cerence Operating Co. v. Sony Group Corp.*, 2:25-cv-00757, which is pending before this Court (the "Prior Litigation").

29. On November 18, 2025, Plaintiff shared and discussed a licensing presentation with Defendants identifying various "Relevant Patents Not Yet Asserted" against Defendants and "Relevant Sony Products" including certain Accused Products in this action (the "Licensing Presentation"). For example, the Licensing Presentation identified Cerence's patent portfolio, including specific patents, including some of the Asserted Patents, patented technology, and Accused Products *inter alia*, Sony headphones and gaming systems, including Sony PlayStation.

**COUNT I**

**(Infringement of U.S. Patent No. 11,929,073)**

30. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

[2] *See* Nuance and Gracenote Partner for Voice-Enabled Music and Video Experiences (available at https://www.speechtechmag.com/Articles/News/Industry-News/Nuance-and-Gracenote-Partner-for-Voice-Enabled-Music-and-Video-Experiences--79837.aspx) (captured October 1, 2026).

[3] *Id.*

31. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,929,073, titled "Hybrid Arbitration System." The 073 Patent was duly and legally issued by the United States Patent and Trademark Office on March 12, 2024. A true and correct copy of the 073 Patent is attached as Exhibit 1.

32. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 073 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the 073 Patent, including but not limited to the Accused Products, such as the exemplary Sony PlayStation 5, in violation of 35 U.S.C. § 271(a).

33. On information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the 073 Patent.

34. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the 073 Patent to an exemplary infringing Accused Product is attached as Exhibit 2.

35. Defendants had knowledge of the 073 Patent at least as of the date when they were notified of the filing of this Complaint.

36. On information and belief, Defendants had earlier knowledge of the 073 Patent, based at least on the Prior Litigation between Cerence and the Defendants, and given the multi-year, direct commercial relationship between Defendants, through its subsidiary Gracenote, and

Cerence, through its predecessor-in-interest, Nuance, or at a minimum, Defendants were willfully blind to Cerence's patent rights in the 073 Patent, well before the filing of this action.

37. Defendants' actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

38. On information and belief, with knowledge of the 073 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 073 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Sony has actively induced, with specific intent, infringement of the 073 Patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 073 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[4]

39. On information and belief, Defendants induced, with specific intent, infringement of the 073 Patent by instructing their own agents and/or other Defendants to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. Defendants took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

[4] *See, e.g.*, http://www.playstation.com/en-gb/support/hardware/ps5-voice-command (instructions on how to use voice command functionality on Playstation 5); http://www.playstation.com/content/dam/global_pdc/en/corporate/support/manuals/ps5-docs/1000a/MEA_EN_PS5_Disc_Web_Quick_Start_Guide_ENGMEA_7033912.pdf; https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

40. In addition, Sony has indirectly infringed and continues to indirectly infringe the 073 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 073 Patent. Sony has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the 073 Patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

41. On information and belief, Sony's infringement of the 073 Patent is and has been willful and deliberate.

**COUNT II**

**(Infringement of U.S. Patent No. 10,783,899)**

42. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,783,899, titled "Babble Noise Suppression." The 899 Patent was duly and legally issued by the United States Patent and Trademark Office on September 22, 2020. A true and correct copy of the 899 Patent is attached as Exhibit 3.

44. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 899 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the 899 Patent, including but not limited to the

Accused Products, such as the exemplary Sony WH-1000XM6 Wireless Noise Cancelling Headphones and the Sony WF-1000XM6 Wireless In Ear Noise Cancelling Headphones, in violation of 35 U.S.C. § 271(a).

45. On information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the 899 Patent.

46. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the 899 Patent to exemplary infringing Accused Products is attached as Exhibit 4.

47. Defendants had knowledge of the 899 Patent at least as of the date when they were notified of the filing of this Complaint.

48. On information and belief, Defendants had earlier knowledge of the 899 Patent, based at least on the Prior Litigation between Cerence and the Defendants, and given the multi-year, direct commercial relationship between Defendants, through its subsidiary Gracenote, and Cerence, through its predecessor-in-interest, Nuance, or at a minimum, Defendants were willfully blind to Cerence's patent rights in the 899 Patent, well before the filing of this action.

49. Defendants' actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

50. On information and belief, with knowledge of the 899 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 899 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Sony has actively induced infringement of the 899 Patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to

directly infringe the 899 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[5]

51. On information and belief, Defendants induced, with specific intent, infringement of the 899 Patent by instructing their own agents and/or other Defendants to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. Defendants took these actions with the specific intent to induce acts constituting infringement and knowing that the induced acts constitute patent infringement either literally or under the doctrine of equivalents.

52. In addition, Sony has indirectly infringed and continues to indirectly infringe the 899 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 899 Patent. Sony has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the 899 patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

[5] *See, e.g.*, https://electronics.sony.com/audio/headphones/headband/p/wh1000xm6-l (describing AI-based beamforming and noise reduction in Sony WH-1000XM6 headphones); https://electronics.sony.com/audio/headphones/truly-wireless-earbuds/p/wf1000xm6-s (describing AI-based beamforming and noise reduction in Sony WF-1000XM6 headphones); https://www.sony.com/electronics/support/wireless-headphones-bluetooth-headphones/wh-1000xm6#manuals; https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

53. On information and belief, Sony's infringement of the 899 Patent is and has been willful and deliberate.

**COUNT III**

**(Infringement of U.S. Patent No. 8,306,815)**

54. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

55. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,306,815, titled "Speech Dialog Control Based on Signal Pre-Processing." The 815 Patent was duly and legally issued by the United States Patent and Trademark Office on November 6, 2012. A true and correct copy of the 815 Patent is attached as Exhibit 5.

56. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 815 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the 815 Patent, including but not limited to the Accused Products, such as the exemplary Sony PlayStation 5, in violation of 35 U.S.C. § 271(a).

57. On information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the 815 Patent.

58. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the 815 Patent to an exemplary infringing Accused Product is attached as Exhibit 6.

59. Defendants had knowledge of the 815 Patent at least as of the date when they were notified of the filing of this Complaint.

60. Furthermore, Defendants had knowledge of the 815 Patent and the infringement alleged herein since at least as early as November 18, 2025, when counsel for Plaintiff shared and discussed the Licensing Presentation with Defendants.

61. The Licensing Presentation specifically identified, *inter alia*, the 815 Patent and certain Accused Products, including those identified in the exemplary claim chart attached as Exhibit 6.

62. On information and belief, Defendants had earlier knowledge of the 815 Patent, based at least on the Prior Litigation between Cerence and the Defendants, and given the multi-year, direct commercial relationship between Defendants, through its subsidiary Gracenote, and Cerence, through its predecessor-in-interest, Nuance, or at a minimum, Defendants were willfully blind to Cerence's patent rights in the 815 Patent, well before the filing of this action.

63. Defendants' actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

64. On information and belief, with knowledge of the 815 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 815 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Sony has actively induced, with specific intent, infringement of the 815 Patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 815 Patent by, among other things, disseminating,

manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[6]

65. On information and belief, Defendants induced, with specific intent, infringement of the 815 Patent by instructing their own agents and/or other Defendants to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. Defendants took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

66. In addition, Sony has indirectly infringed and continues to indirectly infringe the 815 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 815 Patent. Sony has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the 815 Patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

67. On information and belief, Sony's infringement of the 815 Patent is and has been willful and deliberate.

[6] *See, e.g.*, http://www.playstation.com/en-gb/support/hardware/ps5-voice-command (instructions on how to use voice command functionality on Playstation 5); http://www.playstation.com/content/dam/global_pdc/en/corporate/support/manuals/ps5-docs/1000a/MEA_EN_PS5_Disc_Web_Quick_Start_Guide_ENGMEA_7033912.pdf; https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

**COUNT IV**

**(Infringement of U.S. Patent No. 11,087,750)**

68. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

69. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,087,750, titled "Methods and Apparatus for Detecting a Voice Command." The 750 Patent was duly and legally issued by the United States Patent and Trademark Office on August 10, 2021. A true and correct copy of the 750 Patent is attached as Exhibit 7.

70. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 750 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the 750 Patent, including but not limited to the Accused Products, such as the exemplary Sony PlayStation 5, in violation of 35 U.S.C. § 271(a).

71. On information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the 750 Patent.

72. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the 750 Patent to an exemplary infringing Accused Product is attached as Exhibit 8.

73. Defendants had knowledge of the 750 Patent at least as of the date when they were notified of the filing of this Complaint.

74. Furthermore, Defendants had knowledge of the 750 Patent and the infringement alleged herein since at least as early as November 18, 2025, when counsel for Plaintiff shared and discussed the Licensing Presentation with Defendants.

75. The Licensing Presentation specifically identified, *inter alia*, the 750 Patent and certain Accused Products, including those identified in the exemplary claim chart attached as Exhibit 8.

76. On information and belief, Defendants had earlier knowledge of the 750 Patent, based at least on the Prior Litigation between Cerence and the Defendants, and given the multi-year, direct commercial relationship between Defendants, through its subsidiary Gracenote, and Cerence, through its predecessor-in-interest, Nuance, or at a minimum, Defendants were willfully blind to Cerence's patent rights in the 750 Patent, well before the filing of this action.

77. Defendants' actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

78. On information and belief, with knowledge of the 750 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 750 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Sony has actively induced, with specific intent, infringement of the 750 Patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 750 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[7]

[7] *See, e.g.*, http://www.playstation.com/en-gb/support/hardware/ps5-voice-command (instructions on how to use voice command functionality on Playstation 5); http://www.playstation.com/content/dam/global_pdc/en/corporate/support/manuals/ps5-

79. On information and belief, Defendants induced, with specific intent, infringement of the 750 Patent by instructing their own agents and/or other Defendants to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. Defendants took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

80. In addition, Sony has indirectly infringed and continues to indirectly infringe the 750 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 750 Patent. Sony has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the 750 Patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

81. On information and belief, Sony's infringement of the 750 Patent is and has been willful and deliberate.

**COUNT V**

**(Infringement of U.S. Patent No. 8,194,872)**

82. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

docs/1000a/MEA_EN_PS5_Disc_Web_Quick_Start_Guide_ENGMEA_7033912.pdf; https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

83. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,194,872, titled "Multi-Channel Adaptive Speech Signal Processing System with Noise Reduction." The 872 Patent was duly and legally issued by the United States Patent and Trademark Office on June 5, 2012. A true and correct copy of the 872 Patent is attached as Exhibit 9.

84. Sony has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the 872 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the 872 Patent, including but not limited to the Accused Products, such as the exemplary Sony WH-1000XM6 Wireless Noise Cancelling Headphones and the Sony WF-1000XM6 Wireless In Ear Noise Cancelling Headphones, in violation of 35 U.S.C. § 271(a).

85. On information and belief, Defendants have infringed and continue to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the 872 Patent.

86. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the 872 Patent to exemplary infringing Accused Products is attached as Exhibit 10.

87. Defendants had knowledge of the 872 Patent at least as of the date when they were notified of the filing of this Complaint.

88. On information and belief, Defendants had earlier knowledge of the 872 Patent, based at least on the Prior Litigation between Cerence and the Defendants, and given the multi-

year, direct commercial relationship between Defendants, through its subsidiary Gracenote, and Cerence, through its predecessor-in-interest, Nuance, or at a minimum, Defendants were willfully blind to Cerence's patent rights in the 872 Patent, well before the filing of this action.

89. Defendants' actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

90. On information and belief, with knowledge of the 872 Patent and its infringement thereof, Sony has indirectly infringed and continues to indirectly infringe the 872 Patent in violation of 35 U.S.C. § 271(b). On information and belief, Sony has actively induced, with specific intent, infringement of the 872 Patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the 872 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[8]

91. On information and belief, Defendants induced, with specific intent, infringement of the 872 Patent by instructing their own agents and/or other Defendants to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. Defendants took these actions with the specific intent

[8] *See, e.g.*, https://electronics.sony.com/audio/headphones/headband/p/wh1000xm6-l (describing AI-based beamforming and noise reduction in Sony WH-1000XM6 headphones); https://electronics.sony.com/audio/headphones/truly-wireless-earbuds/p/wf1000xm6-s (describing AI-based beamforming and noise reduction in Sony WF-1000XM6 headphones); https://www.sony.com/electronics/support/wireless-headphones-bluetooth-headphones/wh-1000xm6#manuals; https://www.sony.com/electronics/support/articles/00127005 (answering "How do I use the voice search function on the remote control?"); https://www.sony.com/electronics/support/televisions-projectors-oled-tvs-android-/k-65xr80m2/articles/00201366 ("Using hands-free Voice Search (only for TVs with a built-in MIC)"); https://electronics.sony.com/tv-video/televisions/all-tvs/p/k65xr80m2 (advertising use of voice assistant to, *e.g.*, "find movies, stream apps, play music and control the TV with your voice. Get answers, adjust room temperature and lighting, even check the front door").

to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

92. In addition, Sony has indirectly infringed and continues to indirectly infringe the 872 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the 872 Patent. Sony has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the 872 Patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

93. On information and belief, Sony's infringement of the 872 Patent is and has been willful and deliberate.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerence respectfully requests that the Court:

A. Enter a judgment that Defendants (collectively and separately) have infringed and continue to infringe one or more claims of each of the Asserted Patents;

B. Enter a judgment that Defendants' infringement is and has been willful;

C. Permanently enjoin Defendants, their parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Asserted Patents;

D. Order an award of damages to Cerence in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. Order and award trebling damages to Cerence for willful infringement under 35 U.S.C. § 284;

F. Find that this case is exceptional and award Cerence its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court may deem proper and just.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Date: October 1, 2026

Respectfully submitted,

*/s/ Charles S. Baker*

**TROUTMAN PEPPER LOCKE LLP**

Charles S. Baker
Texas Bar No. 01566200
Emma A. Bennett
Texas Bar No. 24131250
600 Travis Street, Suite 2800
Houston, TX 77002
Tel: 713.226.1200
Fax: 214.223.3717
charles.baker@troutman.com
emma.bennett@troutman.com

William Belanger*
Lead Attorney
Massachusetts Bar No. 657184
Frank D. Liu*
Massachusetts Bar No. 675431
111 Huntington Avenue
Boston, Massachusetts 02199
Tel: 617.204.5100
william.belanger@troutman.com
frank.liu@troutman.com

Puja Patel Lea*
Georgia Bar No. 320796
Haden Marrs*
Georgia Bar No. 817198
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Tel: 404.885.3000
puja.lea@troutman.com
haden.marrs@troutman.com

Kimberly E. Coghill*
D.C. Bar No. 90002037
401 9th Street, N. W., Suite 1000
Washington, D.C. 20004
Tel: 202.220.1200
kimberly.coghill@troutman.com

* *Pro Hac Vice to be filed*

***Counsel for Plaintiff***
***Cerence Operating Company***